CLERK'S COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED AT ALBUQUERQUE NM
APR 20 2000
ROBERT M. MARCH
CLERK

WENDELL MATHIS,

Plaintiff,

v.

No. CIV-99-1398 LH/KBM

DONA ANA COUNTY
DETENTION CENTER,
CAPT. ALVAREZ,
LT. ROACH,
MEDICAL STAFF AND DETENTION OFFICERS,
JOINTLY AND SEVERALLY
IN THEIR INDIVIDUAL CAPACITIES,

Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but



is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint asserts two claims under the Eighth Amendment and the New Mexico Tort Claims Act. Plaintiff alleges that, as a result of Defendants' failure to safeguard his well-being, he was injured in an assault by other inmates. He was also denied medical treatment for his injuries. The complaint seeks damages.

Plaintiff's federal claims against Defendant Dona Ana County Detention Center, and against the individual Defendants in their official capacities, will be dismissed. First, a local governmental agency is not a proper defendant ("person") and cannot be held separately liable in an action under § 1983. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (§ 1983 claims dismissed because City of Denver Police Department not a separate suable entity), *vacated and remanded on other grounds sub nom. Tyus v. Martinez*, 475 U.S. 1138 (1986); *see also Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991) ("... local government departments have no greater separate identity from cities than do their officials when they are acting in their official capacities.") (citing *Brandon v. Holt*, 469 U.S. 464, 472 and n.21 (1985)), *aff'd*, 986 F.2d 1429 (Table) (10th Cir. 1993). For purposes of this order, therefore, Plaintiff's federal claims against Defendant Dona Ana County Detention Center are construed as directed at the County itself.

Second, Plaintiff's federal claims against the individual Defendants in their official capacities are the equivalent of claims against the county agencies who employ them. *Meade v. Grubbs*, 841 F.2d 1512, 1529 (10th Cir. 1988). Plaintiff has failed, however, affirmatively to link the County to the acts allegedly committed by its employees. Under § 1983, a local governmental agency or municipality cannot be held liable for the acts of its employees solely under a theory of *respondeat*
2

*superior. Sauers v. Salt Lake County*, 1 F.3d 1122, 1129 (10th Cir. 1993); *Jantz v. Muci*, 976 F.2d 623, 630 (10th Cir. 1992); *Butcher v. City of McAlester*, 956 F.2d 973, 977-78 (10th Cir. 1992). Accordingly, Plaintiff's federal claims against Defendant Dona Ana County and the individual Defendants in their official capacities will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff will be allowed a reasonable time to identify and serve individual medical staff Defendants.

Judgment will be entered on Plaintiff's federal claims in favor of Defendant Dona Ana County Detention Center, and in favor of Defendants Roach and Alvarez in their official capacities. Dismissal of these claims is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956), *quoted in Wheeler Mach. Co. v. Mountain States Mineral Enter., Inc.*, 696 F.2d 787, 789 (10th Cir. 1983). The Court therefore expressly determines that there is no just reason for delay of entry of judgment on the order of dismissal, and will direct entry of final judgment in favor of these Defendants on Plaintiff's federal claims. Fed.R.Civ.P. 54(b).

IT IS THEREFORE ORDERED that Plaintiff's federal claims against Defendant Dona Ana County Detention Center, and against Defendants Alvarez and Roach in their official capacities, be DISMISSED with prejudice; a form of judgment will be entered in accordance with this opinion;

IT IS FURTHER ORDERED that the Clerk is directed to issue summonses, with notice and waiver forms, for Defendants Dona Ana County Detention Center, Alvarez, and Roach.

UNITED STATES DISTRICT JUDGE